JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

17-cv-4216

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JAMES BURNSIDE AND MARIA BURNSIDE, h/w

**DEFENDANTS**
PETERBILT MOTORS COMPANY; ARROW TANK AND
ENGINEERING; REGO PRODUCTS; FEDERAL TANK TESTING INC

**(b)** County of Residence of First Listed Plaintiff   Luzerne
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Denton County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*  -215-510-6553
Swartz Culleton - Brandon A. Swartz
547 E. Washington Ave
Newtown, PA 18940

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
      Plaintiff

☐ 3  Federal Question
      *(U.S. Government Not a Party)*

☐ 2  U.S. Government
      Defendant

☒ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | New Drug Application | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine | Injury Product | | ☐ 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | Medical Malpractice | | Leave Act | | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation -
Transfer

☐ 8 Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332
Brief description of cause:
Products Liability

## VII. REQUESTED IN
COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions:)*

JUDGE

DOCKET NUMBER

SEP 20 2017

DATE
09/15/2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

**UNITED STATES DISTRICT COURT**

Submit by Email | Print Form

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

17  4216

Address of Plaintiff: 85 Hospital Street, Pittston, PA 18640

Address of Defendant: 1700 Woodbrook Street, Denton, TX 76205

Place of Accident, Incident or Transaction: Avoca, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☒ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
    (Please specify)

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, BRANDON A. SWARTZ, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 09/15/2017 _____ Attorney-at-Law _____ 78344 _____ Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

BRANDON A SWARTZ

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 09/15/2017 _____ Attorney-at-Law _____ 78344 _____ Attorney I.D.#

SEP 20 2017

CIV. 609 (6/08)

Submit by Email     Print Form

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA



### CASE MANAGEMENT TRACK DESIGNATION FORM

JAMES BURNSIDE AND
MARIA BURNSIDE, H/W
            v.
PETERBILT MOTORS COMPANY, ET AL

:
:
:
:
:

CIVIL ACTION

17    2216

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( ☐ )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.    ( ☐ )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( ☐ )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.    ( ☐ )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)    ( ☐ )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( ☒ )

| | | |
|---|---|---|
| 09/15/2017 | Brandon A. Swartz | Plaintiffs, James Burnside and Maria Bu |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-550-6553 | 215-550-6557 | bswartz@swartzculleton.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

SEP 20 2017

# SWARTZ SC CULLETON PC

**Christopher J. Culleton**
*Esquire*

**Brandon A. Swartz**
*Esquire*

**Todd M. Felzer**
*Esquire*
*Chairperson of the Workers
Compensation Department*

**Bryan M. Ferris**
*Esquire*

**Joseph P. Guzzardo**
*Esquire*

**Nicholas S. Jajko**
*Esquire*

**Matthew E. Gallagher**
*Esquire*

**Larissa K. Staszkiw**
*Esquire*

**Sarah R. Nayeem**
*Esquire*

**Maria K. McGinty-Ferris**
*Esquire*

*Please reply to:*
**547 E. Washington Avenue
Newtown, PA 18940**

Phone: 215.550.6553
Fax: 215.550.6557

Website:
**www.swartzculleton.com**

Email:
cculleton@swartzculleton.com
bswartz@swartzculleton.com
tfelzer@swartzculleton.com
bferris@swartzculleton.com
jguzzardo@swartzculleton.com
njajko@swartzculleton.com
mgallagher@swartzculleton.com
lstaszkiw@swartzculleton.com
snayeem@swartzculleton.com
mmcginty-ferris@swartzculleton.com

*One Commerce Square
2005 Market Street, 18th Floor
Philadelphia, PA 19103*

*The Sovereign Building, Suite 19
609 W. Hamilton Street
Allentown, PA 18101*



September 15, 2017

United States District Court
Eastern District of Pennsylvania
Office of the Clerk of Court
601 Market Street, Room 2609
Philadelphia, PA 19106-1797

        **Re:**    **James Burnside and Maria Burnside v. Peterbilt
Motors Comapany and Arrow Tank and
Engineering Company and RegO Products and
Federal Tank Testing Inc.**

Dear Sir/Madam:

        Enclosed for filing please find an original, a copy and a pdf on CD
of plaintiff's Complaint.   Please file the original Complaint and time
stamp the copy and return it in the self-addressed stamped envelope
enclosed herein.

        Thank you for your time in this matter.

        Very truly yours,

        SWARTZ CULLETON

        Ethan R. Feldman

/erf
Enclosures

SEP 20 2017

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES BURNSIDE and | : | Civil Action No. |
| MARIA BURNSIDE, H/W | : | |
| *Plaintiffs,* | : | |
| v. | : | |
| | : | |
| PETERBILT MOTORS COMPANY | : | |
| and | : | |
| ARROW TANK AND ENGINEERING | : | |
| COMPANY | : | |
| and | : | |
| REGO PRODUCTS | : | |
| and | : | |
| FEDERAL TANK TESTING | : | |
| INCORPORATED | : | **JURY TRIAL DEMANDED** |
| *Defendants.* | : | |

## CIVIL ACTION COMPLAINT

### I.   PARTIES

1.      Plaintiffs, James Burnside and Maria Burnside, H/W, are adult individuals and residents and citizens of the Commonwealth of Pennsylvania, residing therein at 85 Hospital Street, Pittston, PA 18640.

2.      Defendant, Peterbilt Motors Company ("Defendant Peterbilt"), was and is now a business entity, believed to be a private company, with headquarters and a principal place of business located at 1700 Woodbrook Street, Denton, Texas 76205.  Defendant is a citizen of Texas for purposes of diversity jurisdiction.

3.      Defendant, Arrow Tank and Engineering Company ("Defendant Arrow Tank"), was and is now a business entity, believed to be a business corporation, duly organized and existing under the laws of the State of Minnesota, with corporate headquarters and principal

place of business located at 8950 Evergreen Boulevard, Coon Rapids, Minnesota 55433. Defendant is a citizen of Minnesota for purposes of diversity jurisdiction.

4.     Defendant RegO Products ("Defendant RegO"), was and is now a business entity, believed to be a subsidiary of Engineered Controls International, LLC, duly organized and existing under the laws of the State of Delaware, with a corporate headquarters and principal place of business located at 100 RegO Drive, Elon, North Carolina, 27244. Defendant is a citizen of North Carolina for purposes of diversity jurisdiction.

5.     Defendant, Federal Tank Testing Incorporated ("Defendant Federal Tank"), was and is now a business entity, believed to be a business corporation, duly organized and existing under the laws of the State of Texas, with corporate headquarters and principal place of business located at 5504 Everett Avenue, Amarillo, Texas 79106.  Defendant is a citizen of Texas for purposes of diversity jurisdiction.

## II.    JURISDICTION AND VENUE

6.     Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

7.     The amount in controversy in this action is in excess of Seventy-Five thousand ($75,000.00) dollars, exclusive of costs and fees.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because one or more of the Defendants regularly and continuously conducts business within the District.

## III.   STATEMENT OF CLAIMS

9.     At all times relevant hereto, the Defendants acted by and through their respective agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same.

10.     At all times relevant hereto, Plaintiff James Burnside was acting within the course and scope of his employment with Modern Gas and Oil, located at 2190 Glendale Road, Avoca, PA 18641.

11.     Upon information and belief, Defendant Peterbilt designed, marketed, sold, supplied and/or distributed the subject product, the bobtail truck and its component parts which caught fire on July 21, 2017, on the premises known as Modern Gas and Oil located at 2190 Glendale Road, Avoca, PA 18641.

12.     Upon information and belief, Defendant Arrow Tank designed, marketed, sold, supplied and/or distributed the subject product, the propane tank located atop the aforementioned bobtail truck and its component parts which caught fire on July 21, 2017, on the premises known as Modern Gas and Oil located at 2190 Glendale Road, Avoca, PA 18641.

13.     Upon information and belief, Defendant RegO, marketed, sold, supplied and/or distributed the subject product, the safety valve, located in the propane tank atop the bobtail truck and its component parts which caught fire on July 21, 2017, on the premises known as Modern Gas and Oil located at 2190 Glendale Road, Avoca, PA 18641.

14.     Upon information and belief, Defendant Federal Tank, inspected, managed, maintained and/or repaired the bobtail truck and its component parts which caught fire on July 21, 2017, on the premises known as Modern Gas and Oil located at 2190 Glendale Road, Avoca, PA 18641.

15.     On or about July 21, 2017, Plaintiff, James Burnside, while acting within the course and scope of his employment, was performing work on the aforementioned bobtail truck, when, suddenly and without warning, the bobtail truck began leaking propane gas, which subsequently caught fire, causing the Plaintiff to suffer severe and permanent bodily injuries

and losses including, but not limited to, severe burns to his face, hands, and arms, as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system.

**COUNT I**
**JAMES BURNSIDE v. PETERBILT MOTORS COMPANY**
**PRODUCTS LIABILITY – STRICT LIABILITY – NEGLIGENCE – BREACH OF WARRANTY**

16.    Plaintiff hereby incorporates by reference paragraphs one (1) through fifteen (15) of the within Complaint as though the same were fully set forth at length herein.

17.    Defendant Peterbilt placed into the stream of commerce a defective product, as identified above, that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d, 399 (Pa. 2014).  More specifically, the Defendant placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

18.    The accident described herein was caused solely and exclusively by the defective design and manufacture of the aforesaid bobtail truck and its component parts, and the negligence of the Defendant Peterbilt, and was due in no manner by negligence on the part of the Plaintiff, James Burnside.

19.    At all times relevant hereto, Defendant's aforesaid bobtail truck and its component parts were defective and unsafe for consumer use.

20.    At all times relevant hereto, there were latent defects in the Defendant's aforesaid bobtail truck and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

21.     The Defendant was negligent in its failure to remedy the defective condition of the aforesaid bobtail truck and its component parts by failing to take adequate precaution in its design and/or manufacture.

22.     The Defendant's negligence caused Plaintiff James Burnside's injuries.

23.     The Defendant was negligent in designing, manufacturing, assembling, marketing, installing, and distributing the defectively designed and manufactured bobtail truck and its component parts, which had no or defective instructions and/or warnings for use and consumer safety features.

24.     The Defendant's negligence caused Plaintiff James Burnside's injuries.

25.     The Defendant distributed and sold the aforesaid bobtail truck and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A).

26.     The defects in the Defendant's aforementioned bobtail truck and its component parts caused the Plaintiff's injuries.

27.     Defendant is strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

28.     The Defendant designed, manufactured, distributed and sold the aforesaid bobtail truck and its component parts with defective warnings and instructions in violation of the Restatement (Second) of Torts §402(B).

29.     The defective warnings and/or instructions rendered the product unsafe and unfit for consumer use.

30.     The defective warnings and instructions caused the Plaintiff's injuries.

31.     As a result of the aforesaid negligence and strict liability of Defendant, Plaintiff James Burnside has in the past and will in the future undergo severe pain and suffering as a result

of which he has been in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

32.     As a result of the aforesaid negligence and strict liability of Defendant, Plaintiff James Burnside has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

33.     As a further result of the aforesaid accident, Plaintiff James Burnside may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

34.     Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

35.     As a further result of the aforesaid negligence and strict liability of Defendant, Plaintiff James Burnside has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

36.     As a further result of the aforesaid accident, Plaintiff James Burnside has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

37.     As a further result of the aforesaid accident, Plaintiff James Burnside has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

38.     In addition, the Defendant violated its implied and express warranties to Plaintiff by designing, manufacturing, marketing, distributing and selling a defective product containing defective warnings and instructions.

39.     Defendant's breach of its implied and express warranties caused the Plaintiff's injuries.

WHEREFORE, Plaintiff, James Burnside, demands judgment in his favor and against Defendant, Peterbilt Motors Company, in an amount in excess of $150,000.00, together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

## COUNT II
## JAMES BURNSIDE v. ARROW TANK AND ENGINEERING COMPANY
## PRODUCTS LIABILITY – STRICT LIABILITY – NEGLIGENCE – BREACH OF WARRANTY

40.     Plaintiff hereby incorporates by reference paragraphs one (1) through thirty-nine (39) of the within Complaint as though the same were fully set forth at length herein.

41.     Defendant Arrow Tank placed into the stream of commerce a defective product, as identified above, that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d, 399 (Pa. 2014).  More specifically, the Defendant placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

42.     The accident described herein was caused solely and exclusively by the defective design and manufacture of the propane tank, located atop the aforesaid bobtail truck, and its

component parts, and the negligence of the Defendant Arrow Tank, and was due in no manner by negligence on the part of the Plaintiff, James Burnside.

43.     At all times relevant hereto, Defendant's propane tank, located atop the aforesaid bobtail truck, and its component parts were defective and unsafe for consumer use.

44.     At all times relevant hereto, there were latent defects in the Defendant's propane tank, located atop the aforesaid bobtail truck, and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

45.     The Defendant was negligent in its failure to remedy the defective condition of the propane tank, located atop aforesaid bobtail truck, and its component parts by failing to take adequate precaution in its design and/or manufacture.

46.     The Defendant's negligence caused Plaintiff James Burnside's injuries.

47.     The Defendant was negligent in designing, manufacturing, assembling, marketing, installing, and distributing the defectively designed and manufactured propane tank, located atop the aforesaid bobtail truck, and its component parts, which had no or defective instructions and/or warnings for use and consumer safety features.

48.     The Defendant's negligence caused Plaintiff James Burnside's injuries.

49.     The Defendant distributed and sold the propane tank, located atop the aforesaid bobtail truck, and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A).

50.     The defects in the Defendant's propane tank, located atop the aforementioned bobtail truck, and its component parts caused the Plaintiff's injuries.

51. Defendant is strictly liable to Plaintiff as a result of defective condition of Defendant's product.

52. The Defendant designing, manufacturing, assembling, marketing, installing, and distributing the propane tank, located atop aforesaid bobtail truck, and its component parts with defective warnings and instructions in violation of the Restatement (Second) of Torts §402(B).

53. The defective warnings and/or instructions rendered the product unsafe and unfit for consumer use.

54. The defective warnings and instructions caused the Plaintiff's injuries.

55. As a result of the aforesaid negligence and strict liability of Defendant, Plaintiff James Burnside has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

56. As a result of the aforesaid negligence and strict liability of Defendant, Plaintiff James Burnside has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

57. As a further result of the aforesaid accident, Plaintiff James Burnside may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

58. Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

59.     As a further result of the aforesaid negligence and strict liability of Defendant, Plaintiff James Burnside has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

60.     As a further result of the aforesaid accident, Plaintiff James Burnside has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

61.     As a further result of the aforesaid accident, Plaintiff James Burnside has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

62.     In addition, the Defendant violated its implied and express warranties to Plaintiff by designing, manufacturing, marketing, distributing and selling a defective product containing defective warnings and instructions.

63.     Defendant's breach of its implied and express warranties caused the Plaintiff's injuries.

WHEREFORE, Plaintiff, James Burnside, demands judgment in his favor and against Defendant, Arrow Tank and Engineering Company, in an amount in excess of $150,000.00, together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

## COUNT III
## JAMES BURNSIDE v. REGO PRODUCTS
## PRODUCTS LIABILITY – STRICT LIABILITY – NEGLIGENCE – BREACH OF WARRANTY

64.     Plaintiff hereby incorporates by reference paragraphs one (1) through sixty-three (63) of the within Complaint as though the same were fully set forth at length herein.

65.     Defendant RegO placed into the stream of commerce a defective product, as identified above, that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d, 399 (Pa. 2014).  More specifically, the Defendant placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

66.     The accident described herein was caused solely and exclusively by the defective design and manufacture of the safety/shutoff valve, located in the propane tank atop the aforesaid bobtail truck, and its component parts, and the negligence of the Defendant RegO Products, and was due in no manner by negligence on the part of the Plaintiff, James Burnside.

67.     At all times relevant hereto, Defendant's safety/shutoff valve, located in the propane tank atop the aforesaid bobtail truck, and its component parts were defective and unsafe for consumer use.

68.     At all times relevant hereto, there were latent defects in the Defendant's safety/shutoff valve, located in the propane tank atop the aforesaid bobtail truck, and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

69.     The Defendant was negligent in its failure to remedy the defective condition of the safety/shutoff valve, located in the propane tank atop aforesaid bobtail truck, and its component parts by failing to take adequate precaution in its design and/or manufacture.

70.     The Defendant's negligence caused Plaintiff James Burnside's injuries.

71.     The Defendant was negligent in designing, manufacturing, assembling, marketing, installing, and distributing the defectively designed and manufactured safety/shutoff valve, located in the propane tank atop the aforesaid bobtail truck, and its component parts, which had no or defective instructions and/or warnings for use and consumer safety features.

72.     The Defendant's negligence caused Plaintiff James Burnside's injuries.

73.     The Defendant distributed and sold the safety/shutoff valve, located in the propane tank atop the aforesaid bobtail truck, and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A).

74.     The defects in the Defendant's safety/shutoff valve, located in the propane tank atop the aforementioned bobtail truck, and its component parts caused the Plaintiff's injuries.

75.     Defendant is strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

76.     The Defendant designed, manufactured, assembled, marketed, installed, and distributed the safety/shutoff valve, located in the propane tank atop aforesaid bobtail truck, and its component parts with defective warnings and instructions in violation of the Restatement (Second) of Torts §402(B).

77.     The defective warnings and/or instructions rendered the product unsafe and unfit for consumer use.

78.     The defective warnings and instructions caused the Plaintiff's injuries.

79.     As a result of the aforesaid negligence and strict liability of Defendant, Plaintiff James Burnside has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

80.     As a result of the aforesaid negligence and strict liability of Defendant, Plaintiff James Burnside has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

81.     As a further result of the aforesaid accident, Plaintiff James Burnside may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

82.     Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

83.     As a further result of the aforesaid negligence and strict liability of Defendant, Plaintiff James Burnside has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

84.     As a further result of the aforesaid accident, Plaintiff James Burnside has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

85.     As a further result of the aforesaid accident, Plaintiff James Burnside has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

86.     In addition, the Defendant violated its implied and express warranties to Plaintiff by designing, manufacturing, marketing, distributing and selling a defective product containing defective warnings and instructions.

87.     Defendant's breach of its implied and express warranties caused the Plaintiff's injuries.

WHEREFORE, Plaintiff, James Burnside, demands judgment in his favor and against Defendant, RegO Products, in an amount in excess of $150,000.00, together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

### COUNT IV
### JAMES BURNSIDE v. FEDERAL TANK TESTING, INC.
### PRODUCTS LIABILITY – STRICT LIABILITY – NEGLIGENCE – BREACH OF WARRANTY

88.     Plaintiff hereby incorporates by reference paragraphs one (1) through eighty-seven (87) of the within Complaint as though the same were fully set forth at length herein.

89.     Defendant Federal Tank placed into the stream of commerce a defective product that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d, 399 (Pa. 2014).  More specifically, the Defendant placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

90.     The accident described herein was caused solely and exclusively by the defective inspection, management, maintenance and/or repair of the aforesaid bobtail truck and its component parts, and the negligence of the Defendant Federal Tank, and was due in no manner by negligence on the part of the Plaintiff, James Burnside.

91.     At all times relevant hereto, Defendant's aforesaid inspection, management, maintenance and/or repair of the aforesaid bobtail truck and its component parts were inadequate and unsafe for consumer use.

92.     At all times relevant hereto, there were latent defects in the aforesaid bobtail truck and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

93.     The Defendant was negligent in its failure to remedy the defective condition of the aforesaid bobtail truck and its component parts by failing to take adequate precaution in its inspection, management, maintenance and/or repair.

94.     The Defendant's negligence caused Plaintiff James Burnside's injuries.

95.     The Defendant was negligent in inspecting, managing, maintaining and/or repairing the defectively designed and manufactured bobtail truck and its component parts, which had no or defective instructions and/or warnings for use and consumer safety features.

96.     The Defendant's negligence caused Plaintiff James Burnside's injuries.

97.     The Defendant's inspection, management, maintenance and/or repair the aforesaid bobtail truck and its component parts allowed the aforesaid bobtail truck to exist in a defective condition in violation of the Restatement (Second) of Torts §402(A).

98.     The defects in the Defendant's inspection, management, maintenance and/or repair of the aforementioned bobtail truck and its component parts caused the Plaintiff's injuries.

99.     Defendant is strictly liable to Plaintiff as a result of the defective condition of the aforesaid bobtail truck because of Defendant's inspection, management, maintenance and/or repair.

100.    The Defendant inspected, managed, maintained and/or repaired the aforesaid bobtail truck and its component parts, and provided defective warnings and instructions in violation of the Restatement (Second) of Torts §402(B).

101.    The defective warnings and/or instructions rendered the product unsafe and unfit for consumer use.

102.    The defective warnings and instructions caused the Plaintiff's injuries.

103.    As a result of the aforesaid negligence and strict liability of Defendant, Plaintiff James Burnside has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

104.    As a result of the aforesaid negligence and strict liability of Defendant, Plaintiff James Burnside has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

105.    As a further result of the aforesaid accident, Plaintiff James Burnside may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

106.    Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

107.    As a further result of the aforesaid negligence and strict liability of Defendant, Plaintiff James Burnside has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

108.    As a further result of the aforesaid accident, Plaintiff James Burnside has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

109.    As a further result of the aforesaid accident, Plaintiff James Burnside has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

110.    In addition, the Defendant violated its implied and express warranties to Plaintiff by inspecting, managing, maintaining and/or repairing a defective product containing defective warnings and instructions.

111.    Defendant's breach of its implied and express warranties caused the Plaintiff's injuries.

WHEREFORE, Plaintiff, James Burnside, demands judgment in his favor and against Defendant, Federal Tank Testing Incorporated, in an amount in excess of $150,000.00, together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

### COUNT V
### MARIA BURNSIDE v. ALL DEFENDANTS
### LOSS OF CONSORTIUM

112.    Plaintiff hereby incorporates by reference paragraphs one (1) through one-hundred eleven (111) of the within Complaint as though the same were fully set forth at length herein.

113.    As a further result of the incident described herein, Plaintiff, Maria Burnside, has suffered the loss of earnings, society, consortium and services of her husband, Plaintiff James Burnside, to which she is legally entitled.

and strict liability, and she may be obliged to continue to expend such sum or incur such expenditures for an indefinite period of time.

WHEREFORE, Plaintiff, Maria Burnside, demands judgment in her favor and against all Defendants in an amount in excess of $150,000.00, together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

Respectfully,

**SWARTZ CULLETON PC**

By: _____

Brandon A. Swartz, Esquire
Bryan M. Ferris, Esquire
Maria K. McGinty-Ferris, Esquire
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557
Attorneys for Plaintiffs,
James Burnside and
Maria Burnside, H/W

Date: September 8, 2017