**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES BURNSIDE and | : | Civil Action No. 3:17-cv-2121-RDM |
| MARIA BURNSIDE, H/W | : | |
| *Plaintiffs,* | : | |
| v. | : | |
| | : | |
| PETERBILT MOTORS COMPANY | : | |
| and | : | |
| ARROW TANK AND ENGINEERING | : | |
| COMPANY | : | |
| and | : | |
| REGO PRODUCTS | : | |
| and | : | |
| FEDERAL TANK TESTING | : | |
| INCORPORATED | : | **JURY TRIAL DEMANDED** |
| *Defendants.* | : | |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION OF DEFENDANT PETERBILT MOTORS COMPANY TO DISMISS PLAINTIFFS' COMPLAINT**

Plaintiffs, James Burnside and Maria Burnside, h/w, by and through their undersigned counsel, Swartz Culleton PC, hereby file the within Memorandum of Law in opposition to the Motion of Defendant Peterbilt Motors Company to Dismiss Plaintiffs' Complaint. Plaintiffs respectfully request that this Honorable Court issue an Order denying Defendant's Motion, with prejudice.

**I.   FACTUAL BACKGROUND**

Plaintiffs, who reside in Luzerne County, initiated this action by filing a Civil Action Complaint against Defendants in the United States District Court for the Eastern District of Pennsylvania on September 20, 2017. See Plaintiffs' Complaint, attached as Document 1 to Defendant's Motion. In their Complaint, Plaintiffs allege that, on or about July 21, 2017, Plaintiff

James Burnside, while acting within the course and scope of his employment with Modern Gas and Oil, located at 2190 Glendale Road, Avoca, Luzerne County, PA 18641, was performing work on a bobtail truck designed, marketed, sold, supplied and/or distributed by Defendant Peterbilt Motors Company ("Defendant Peterbilt") and inspected, managed, maintained and/or repaired by Defendant Federal Tank Testing Incorporated ("Defendant Federal Tank") which was fitted with a propane tank designed, marketed, sold, supplied and/or distributed by Defendant Arrow Tank and Engineering Company ("Defendant Arrow Tank") which contained a safety valve marketed, sold, supplied, and/or distributed by Defendant Engineered Controls International, LLC (incorrectly identified as Rego Products) ("Defendant ECI"), when, suddenly and without warning, the bobtail truck began leaking propane gas, which subsequently caught fire and caused Plaintiff James Burnside to suffer severe and permanent bodily injuries and losses including, but not limited to, severe burns to his face, hands, and arms. See Plaintiffs' Complaint, paragraphs 1, 10-15. In the Complaint, Plaintiff James Burnside asserted claims of products liability, strict liability, negligence and breach of warranty against all four Defendants. Id. at Counts I-IV. Plaintiff Maria Burnside asserted a claim against all Defendants for loss of consortium. Id. at Count V.

More specifically, with respect to Defendant Peterbily, Plaintiffs' allege in their Complaint that:

– Defendant Peterbilt designed, marketed, sold, supplied and/or distributed the subject product, the bobtail truck and its component parts, which caught fire on July 21, 2017.

– Defendant Peterbilt placed into the stream of commerce a defective product, the aforesaid bobtail truck and its component parts, that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d, 399 (Pa. 2014). More specifically, Defendant Peterbilt placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant Peterbilt's defective product outweighs the burden or costs of taking precautions.

- The accident described in Plaintiffs' Complaint was caused solely and exclusively by the defective design and manufacture of the bobtail truck and its component parts.

- Defendant Peterbilt's bobtail truck and its component parts were defective and unsafe for consumer use.

- There were latent defects in the Defendant Peterbilt's bobtail truck and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

- Defendant Peterbilt was negligent in its failure to remedy the defective condition of the bobtail truck and its component parts by failing to take adequate precaution in its design and/or manufacture.

- Defendant Peterbilt was negligent in designing, manufacturing, assembling, marketing, installing, and distributing the defectively designed and manufactured bobtail truck and its component parts, which had no or defective instructions and/or warnings for use and consumer safety features.

- Defendant Peterbilt's negligence caused Plaintiff James Burnside's injuries.

- Defendant Peterbilt distributed and sold the bobtail truck and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A).

- The defects in Defendant Peterbilt's bobtail truck and its component parts caused the Plaintiff's injuries.

- Defendant Peterbilt is strictly liable to Plaintiff as a result of defective condition of Defendant's product.

- Defendant Peterbilt designed, manufactured, assembled, marketed, installed, and distributed the bobtail truck and its component parts with defective warnings and instructions in violation of the Restatement (Second) of Torts §402(B).

- The defective warnings and/or instructions rendered the product unsafe and unfit for consumer use.

- The defective warnings and instructions caused the Plaintiff's injuries.

- Defendant Peterbilt violated its implied and express warranties to Plaintiff by designing, manufacturing, marketing, distributing and selling a defective product containing defective warnings and instructions.

- Defendant Peterbilt's breach of its implied and express warranties caused the Plaintiff's injuries.

Id. at paragraphs 11, 17-30, 38-39.

In this case, there is no dispute that Plaintiff James Burnside's accident occurred in Pennsylvania when a fire broke out on the Peterbilt bobtail truck Plaintiff was working on. That bobtail truck and its component parts was designed, marketed, sold, supplied and/or distributed by Defendant Peterbilt and ultimately arrived in Pennsylvania in the possession of Plaintiff's employer, Modern Gas and Oil. In fact, on August 30, 2017, an inspection of the site of Plaintiff James Burnside's accident (in Pennsylvania) and the defective product at issue was conducted with counsel for the parties served to date,[1] experts retained by all parties involved at that time, OSHA representatives, and representatives of Modern Gas and Oil present. A true and correct copy of the Attendee List for the August 30, 2017 inspection in Avoca, Pennsylvania is attached as Exhibit "A" and incorporated by reference. In addition to expert inspection of the defective product by all experts in attendance, video of Plaintiff's accident was viewed.

In response to Motions to Transfer Venue filed by Defendant Arrow Tank and Defendant ECI, this matter, which was originally filed in the District Court for the Eastern District of Pennsylvania, was transferred to the District Court for the Middle District of Pennsylvania. Plaintiffs did not oppose the transfer to the Middle District. After the transfer, Defendant Peterbilt filed the instant Motion to Dismiss Plaintiffs' Complaint on November 22, 2017. Defendant Peterbilt seeks to have Plaintiffs' Complaint dismissed for lack of personal jurisdiction. Defendant Peterbilt also seeks to dismiss Plaintiffs' Complaint arguing that it fails to state a claim upon which relief may be granted.

---

[1] Defendant Peterbilt had not yet been served with a copy of Plaintiffs' Complaint as of August 30, 2017.

## II.	LEGAL ARGUMENT

### A.	Standard of Review – Personal Jurisdiction

In reviewing a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(6), a court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." Rivera v. Bally's Park Place, Inc., 798 F. Supp. 2d 611, 614 (E.D. Pa. 2011) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002)). If no evidentiary hearing is held on the motion to dismiss, the plaintiff need only make a prima facie showing of personal jurisdiction. O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007); Rivera, 798 F. Supp. 2d at 614. A plaintiff satisfies his prima facie standard by presenting evidence that, if true, would permit the Court to exercise personal jurisdiction over the defendant. Action Mfg. Co. v. Simon Wrecking Co., 375 F.Supp.2d 411, 418–19 (E.D.Pa.2005); Rivera, 798 F. Supp. 2d at 614.

### B.	Defendant Peterbilt is subject to personal jurisdiction in the Middle District of Pennsylvania

Federal Rules of Civil Procedure Rule 4(k) permits a federal district court under certain circumstances to assert personal jurisdiction over a defendant who does not reside in that district. Such personal jurisdiction can be established by:

(1) Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant:
   (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located [or]
   ...
   (C) when authorized by a federal statute.

Fed.R.Civ.P. 4(k)(1). Rule 4(k)(1)(A) essentially authorizes federal district courts to assert personal jurisdiction over nonresidents of the state in which the court sits to the extent authorized by the law of that state. Fed.R.Civ.P. 4(k)(1)(A); Marten v. Godwin, 499 F.3d 290, 296 (3d Cir.

2007) (quoting Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir.1987)); Vizant Techs., LLC v. Whitchurch, 97 F. Supp. 3d 618, 627 (E.D. Pa. 2015). Pennsylvania law provides for jurisdiction to the extent allowed by the Due Process Clause of the United States Constitution. 42 Pa. Cons.Stat. Ann. § 5322(b). Due Process requires that, in order for a forum to exercise personal jurisdiction over a nonresident defendant, that "he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 US 310, 316, 66 S.Ct. 154, 158 (1945). A.2d 1127, 1131 (1986).  Two types of personal jurisdiction exist: general jurisdiction and specific jurisdiction.

General personal jurisdiction over a defendant exists where plaintiff can demonstrate that the defendant maintained continuous and systematic contacts with and carried on a "substantial portion" of its business within the forum state. D'Jamoos v. Pilatus Aircraft Ltd., 566 F.3d 94, 107–08 (3d Cir.2009); Rivera, 798 F. Supp. 2d at 616. The alleged contacts must be "significantly more than mere minimum contacts"—the plaintiff must show that the defendant's contacts with the state were so "central to the conduct of its business" that jurisdiction may be fairly exercised even over claims not arising from those contacts. Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437–38 (3d Cir.1987); Rivera, 798 F. Supp. 2d at 616.

With regard to specific jurisdiction, the Third Circuit employs a three-part analysis for specific personal jurisdiction.  In order for specific personal jurisdiction to exist: (1) the defendant must have "purposefully directed [its] activities" at Pennsylvania, (2) the litigation "arise[s] out of or relate[s] to" at least one of the defendant's activities in Pennsylvania, and (3) the exercise of jurisdiction comports with traditional notions of "fair play and substantial justice." Rivera, 798 F. Supp. 2d at 616 (quoting O'Connor, 496 F.3d at 317 (internal citations omitted)).

### 1. *Purposeful Direction*

Specific personal jurisdiction requires that there be some "deliberate targeting" of Pennsylvania by the defendant, however, physical presence into the state is not required. D'Jamoos, 566 F.3d at 103; Rivera, 798 F. Supp. 2d at 616. Materials sent into Pennsylvania provide some evidence of purposeful availment of the forum. O'Connor, 496 F.3d at 318; Rivera, 798 F. Supp. 2d at 616-617. In this case, there is no dispute that Plaintiff James Burnside's accident occurred in Pennsylvania when a fire broke out on the Peterbilt bobtail truck Plaintiff was working on. That bobtail truck and its component parts was designed, marketed, sold, supplied and/or distributed by Defendant Peterbilt and ultimately arrived in Pennsylvania in the possession of Plaintiff's employer, Modern Gas and Oil. In fact, on August 30, 2017, an inspection of the site of Plaintiff James Burnside's accident (in Pennsylvania) and the defective product at issue was conducted with counsel for the parties served to date,[2] experts retained by all parties involved at that time, OSHA representatives, and representatives of Modern Gas and Oil present. A true and correct copy of the Attendee List for the August 30, 2017 inspection in Avoca, Pennsylvania is attached as Exhibit "A" and incorporated by reference. In addition to expert inspection of the defective product by all experts in attendance, video of Plaintiff's accident was viewed.

### 2. *Relatedness*

Specific personal jurisdiction requires that the plaintiff's claims "arise out of or relate to" the defendant's alleged contacts with Pennsylvania. O'Connor, 496 F.3d at 317; Rivera, 798 F. Supp. 2d at 617. While the Third Circuit has not adopted a bright-line rule regarding the required degree of relatedness, in order to withstand a motion to dismiss, a plaintiff must establish at least a "but-for" causal relationship between his claims and the defendant's alleged contacts with the

---

[2] Defendant Peterbilt had not yet been served with a copy of Plaintiffs' Complaint as of August 30, 2017.

forum state to satisfy the relatedness requirement of specific personal jurisdiction. However, while a "closer and more direct causal connection than that provided by the but-for test" is needed, it need not rise to the level of the proximate cause test. O'Connor, 496 F.3d at 322-323; Rivera, 798 F. Supp. 2d at 617. Since this prong of the test for specific personal jurisdiction is essentially a "quid pro quo" arrangement, i.e. in return for conducting activities in a forum and benefitting from its laws and protections, non-citizens must submit to the forum's jurisdiction over claims that arise from those activities, the connection between plaintiff's claims and defendant's contacts must "be intimate enough to keep the quid pro quo proportional and personal jurisdiction reasonably foreseeable" to the defendant. O'Connor, 496 F.3d at 323; Rivera, 798 F. Supp. 2d at 617-618.

In this case, the connection between Defendant Peterbilt's contact with the Commonwealth of Pennsylvania (placing the subject product, a bobtail truck and its component parts, into the stream of commerce – ultimately in the possession and use of Plaintiff's employer in Pennsylvania) and Plaintiffs' claim (a devastating personal injury to Plaintiff James Burnside caused by that same product in Pennsylvania) is direct and unquestionably related.

      3.     *Fairness*

If a plaintiff satisfies his burden of establishing that the defendant purposely availed himself of the forum and that the plaintiff's claims are sufficiently related to defendant's contact with the forum, the jurisdiction is presumed constitutional and the burden shifts to the defendant to rebut the presumption. O'Connor, 496 F.3d at 324 Rivera, 798 F. Supp. 2d at 617-618. In its Motion, Defendant Peterbilt merely alleged that this Honorable Court may not assert personal jurisdiction over it because Defendant Peterbilt is not a resident of the Commonwealth of Pennsylvania. While this allegation appears to address the issue of general jurisdiction, Defendant Peterbilt has not alleged sufficient evidence to rebut this Court's exercise of specific personal

jurisdiction over it. Notably, Defendant Peterbilt placed a bobtail truck into the stream of commerce which ultimately came into the possession and use of Plaintiff's employer in Pennsylvania and was directly involved in the accident at issue in this case. For the reasons set forth at length above, Plaintiffs' Complaint, at a minimum, sets forth a prima facia showing of specific personal jurisdiction over Defendant Peterbilt and, therefore, Defendant Peterbilt's Motion to Dismiss must be denied.

  **C.**  **Standard of Review – Failure to State a Claim**

  Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2) does not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. See Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007). In Ashcroft v. Iqbal, the Supreme Court clarified its decision in Twombly, stating that Rule 8(a)(2) demands something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937 at 1949 (2009).

  To prevent dismissal pursuant to a Rule 12(b)(6) motion, a civil action complaint must set forth "sufficient factual matter" to show that the claim is factually plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 209 (3d Cir. 2009). In deciding a motion to dismiss, the Court must conduct a two-part analysis: the court must accept all well-pleaded facts as true, but may disregard any legal conclusions; and the court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 210-211.

  In determining whether a particular complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. See Fowler, 578

F.3d at 210.  A complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will not ultimately prevail on the merits.  <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008).  Here, Plaintiffs have clearly alleged facts sufficient to support plausible claims for relief.

    **D.**    **Plaintiffs' Complaint Does, in Fact, State Claims Upon Which Relief May be Granted**

Despite Defendant Peterbilt's assertions to the contrary, Plaintiffs' Complaint does, in fact, state valid claims upon which relief may be granted.  In their Complaint, Plaintiffs clearly identify that the claims being asserted against Defendant Peterbilt are products liability, strict liability, negligence and breach of warranty.  <u>See</u> Plaintiffs' Complaint, Count I.  More specifically, in their Complaint, Plaintiffs allege as follows:

- "On or about July 21, 2017, Plaintiff, James Burnside, while acting within the course and scope of his employment, was performing work on the aforementioned bobtail truck, when, suddenly and without warning, the bobtail truck began leaking propane gas, which subsequently caught fire, causing the Plaintiff to suffer severe and permanent bodily injuries and losses including, but not limited to, severe burns to his face, hands, and arms, as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system."

- Defendant Peterbilt designed, marketed, sold, supplied and/or distributed the subject product, the bobtail truck and its component parts, which caught fire on July 21, 2017.

- Defendant Peterbilt placed into the stream of commerce a defective product, the aforesaid bobtail truck and its component parts, that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d, 399 (Pa. 2014).  More specifically, Defendant Peterbilt placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant Peterbilt's defective product outweighs the burden or costs of taking precautions.

- The accident described in Plaintiffs' Complaint was caused solely and exclusively by the defective design and manufacture of the bobtail truck and its component parts.

- Defendant Peterbilt's bobtail truck and its component parts were defective and unsafe for consumer use.

- There were latent defects in the Defendant Peterbilt's bobtail truck and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

- Defendant Peterbilt was negligent in its failure to remedy the defective condition of the bobtail truck and its component parts by failing to take adequate precaution in its design and/or manufacture.

- Defendant Peterbilt was negligent in designing, manufacturing, assembling, marketing, installing, and distributing the defectively designed and manufactured bobtail truck and its component parts, which had no or defective instructions and/or warnings for use and consumer safety features.

- Defendant Peterbilt's negligence caused Plaintiff James Burnside's injuries.

- Defendant Peterbilt distributed and sold the bobtail truck and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A).

- The defects in Defendant Peterbilt's bobtail truck and its component parts caused the Plaintiff's injuries.

- Defendant Peterbilt is strictly liable to Plaintiff as a result of defective condition of Defendant's product.

- Defendant Peterbilt designed, manufactured, assembled, marketed, installed, and distributed the bobtail truck and its component parts with defective warnings and instructions in violation of the Restatement (Second) of Torts §402(B).

- The defective warnings and/or instructions rendered the product unsafe and unfit for consumer use.

- The defective warnings and instructions caused the Plaintiff's injuries.

- Defendant Peterbilt violated its implied and express warranties to Plaintiff by designing, manufacturing, marketing, distributing and selling a defective product containing defective warnings and instructions.

- Defendant Peterbilt's breach of its implied and express warranties caused the Plaintiff's injuries.

Id. at paragraphs 11, 15, 17-30, 38-39. The factual allegations set forth in Count I of Plaintiffs' Complaint clearly indicate that Defendant Peterbilt allowed a defective and dangerous product, i.e. the bobtail truck and its component parts, to enter the stream of commerce, that Defendant

Peterbilt's actions and/or inactions caused or created the defective and dangerous nature of the product, and that the defective product caused Plaintiff James Burnside's injuries. Thus, accepting the factual averments in the Complaint as true, Plaintiffs have stated plausible claims for products liability, strict liability, negligence and breach of warranty against Defendant Peterbilt. Notably, on November 3, 3017, Defendant Federal Tank Testing Incorporated filed its Answer with Affirmative Defenses to Plaintiffs' Complaint. Plaintiffs' allegations of products liability, strict liability, negligence and breach of warranty against Defendant Peterbilt, set forth in Count I of the Complaint are essentially identical to the allegations of products liability, strict liability, negligence and breach of warranty against Defendant Federal Tank Testing Incorporated.

In short, Plaintiffs' Complaint complies with the notice pleading standard of the Federal Rules of Civil Procedure and sets forth valid causes of action for products liability, strict liability, negligence and breach of warranty against Defendant Peterbilt which are sufficiently specific to allow Defendant Peterbilt to prepare its defense against Plaintiffs' allegations. Moreover, it is inconceivable that the allegations contained in Plaintiffs' Complaint are insufficient to put Defendant Peterbilt on notice of Plaintiffs' claims in light of the site and product inspection which took place on August 30, 2017 which was attended by counsel for all parties served to date, experts retained by all involved parties, OSHA representatives and representatives of Modern Gas and Oil. In addition to inspection of the site and product, a video of Plaintiff's accident was also viewed by the attendees. The sufficiency of Plaintiffs' Complaint is reaffirmed by the filing of an Answer by one of the other Defendants in this case to identical allegations. Plaintiffs need not prove each and every element of their claims at the pleadings stage and Defendant Peterbilt will have the ability to file a motion for summary judgment in the event that Plaintiffs are unable to prove any element

of their claims during discovery. Therefore, Defendant Peterbilt's Motion to Dismiss should be denied, with prejudice.

Should this Honorable Court be inclined to conclude that the allegations set forth against Defendant Peterbilt in Count I of Plaintiffs' Complaint are insufficient to state a claim upon which relief may be granted, Plaintiffs respectfully request that the Court grant them leave to file an Amended Complaint that will set forth the allegations of products liability, strict liability, negligence and breach of warranty in greater detail.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs, James Burnside and Maria Burnside, h/w, respectfully request that this Honorable Court issue an Order denying Defendant's Motion to Dismiss Plaintiffs' Complaint, with prejudice.

Respectfully,

**SWARTZ CULLETON PC**

By:   /s/ Bryan M. Ferris
Bryan M. Ferris, Esquire
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557
bferris@swartzculleton.com
Attorneys for Plaintiffs,
James Burnside and
Maria Burnside, H/W

Date: December 6, 2017