# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES BURNSIDE, et al., | : |
| Plaintiffs, | : |
| v. | : 3:17-CV-2121 |
| | : (JUDGE MARIANI) |
| PETERBILT MOTORS COMPANY, et al., | : |
| Defendants. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION

This is a personal injury action involving claims relating to injuries alleged to have been caused by a faulty truck and its components. (Doc. 1). Plaintiffs name four companies as defendants: Peterbilt Motors Company; Arrow Tank and Engineering Company; Engineered Controls International, LLC; and Federal Tank Testing Incorporated. On June 28, 2018, the Court ruled on Defendant Peterbilt Motors Company's ("Peterbilt's") motion to dismiss Plaintiffs' complaint for lack of personal jurisdiction and failure to state a claim by issuing an Order dismissing without prejudice Plaintiffs' claims against Defendant Peterbilt Motors Company ("Peterbilt") due to lack of personal jurisdiction.[1] (Doc. 64). The Order provided Plaintiffs with sixty days to engage in limited discovery and amend their complaint to provide a basis for the Court to exercise personal jurisdiction over Peterbilt. However, Plaintiffs never amended their complaint. On August 30, 2018, Peterbilt filed a

---

[1] The Court did not reach the issue of whether the complaint stated a claim against Peterbilt. (Doc. 63 at 12).

Motion to Dismiss with Prejudice Plaintiffs' claims against Peterbilt ("Motion to Dismiss"), arguing that Plaintiffs' never amended their complaint as to Peterbilt. (Doc. 72). Peterbilt did not submit a formal brief in support of their Motion to Dismiss, and Plaintiffs never submitted an opposition to the Motion to Dismiss. For the following reasons, the Court will dismiss with prejudice all of Plaintiffs' claims against Peterbilt.

## II. ANALYSIS

Failure to amend a complaint as directed by a court is a basis for a court to dismiss an action without additional leave to amend. See Schaedler v. Reading Eagle Publ'n, Inc., 370 F.2d 795, 797-99 (3d Cir. 1967) (court has power "to dismiss a claim for failure to amend the pleadings as directed" under Fed. R. Civ. P. 12(e) for a more definite statement, particularly in case when party is represented by counsel); Draper v. Darby Twp. Police Dep't., 777 F. Supp. 2d 850, 858 (E.D. Pa. 2011) (dismissing action for failure to amend complaint). Additionally, a plaintiff's failure to prosecute or comply with a court order can be a basis for a defendant to move to dismiss an action with prejudice. Fed. R. Civ. P. 41(b). In this Circuit, the Court's broad discretion in deciding to dismiss an action for failure to prosecute is governed by balancing what are known as the Poulis factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

2

*Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Jackson v. GlaxoSmithKline, LLC*, No. 12-cv-2372, 2013 WL 5408456, at *5 (M.D. Pa. Sept. 25, 2013) (applying *Poulis* factors in dismissing action under Fed. R. Civ. P. 41(b)).

Here, Plaintiffs have failed to amend their complaint to address the personal jurisdiction pleading deficiency with respect to Peterbilt that was the basis of the Court's June 28, 2018 Memorandum Opinion and Order. Moreover, they have failed to comply with the Court's Order directing them to amend the complaint and have failed to prosecute the action against Peterbilt. The Court finds that the *Poulis* factors weigh in favor of dismissing the Plaintiffs' claims against Peterbilt. While there is no indication that the Plaintiffs themselves are responsible for their counsel's failure to file an amended complaint, Peterbilt has been prejudiced by such failure. Plaintiffs' counsel has also exhibited dilatoriness, as evidenced by their failure to file an amended complaint despite having been ordered to do so over eight months ago, and their failure to acknowledge Peterbilt's Motion to Dismiss which was filed in August 2018 and which argued that Plaintiffs had failed to file an amended complaint. This dilatoriness, coupled with the fact that Plaintiffs' counsel has continued to file other documents with the Court since the deadline for filing an amended complaint has passed (Doc. 73, Doc. 80), also indicates that the failure to file an amended complaint is willful. Sanctions other than dismissal would not be effective in this situation where the Court has already put the Plaintiffs on notice that their complaint was deficient in alleging the Court's personal jurisdiction over Peterbilt. Finally, the Court has already acknowledged the merit of Peterbilt's argument that Plaintiffs have failed to sufficiently plead

that the Court has personal jurisdiction over Peterbilt, and Plaintiffs have not amended their complaint to remedy the defect.

Accordingly, the Court will grant Peterbilt's motion to dismiss with prejudice Plaintiffs' claims against Peterbilt. A separate Order follows.

Robert D. Mariani
United States District Judge

4