IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES BURNSIDE, et al.,

    Plaintiffs

v.

PETERBILT MOTORS COMPANY,
et al.,

    Defendants.

3:17-CV-2121
(JUDGE MARIANI)

## MEMORANDUM OPINION

### I. INTRODUCTION & PROCEDURAL HISTORY

Plaintiffs, James and Maria Burnside, initiated this litigation in the Eastern District of Pennsylvania in September 2017 after Mr. Burnside was allegedly injured when the bobtail truck he was working on began leaking propane and caught fire. Plaintiffs' Complaint raises claims for strict products liability, negligence, and breach of warranty against several parties who designed, marketed, sold, repaired, and/or inspected the truck, propane tank, or propane tank's safety valve.[1] (Doc. 1). In October 2017, Defendant Arrow Tank and Engineering Company ("Arrow Tank"), the designer and manufacturer of the alleged defective propane tank, filed a motion to dismiss Plaintiff's Complaint ("First Motion to Dismiss"), arguing that venue was misplaced in the Eastern District because the accident

---

[1] In addition, Mrs. Burnside has brought a loss of consortium claim against all Defendants. (Doc. 1 ¶¶ 112-113).

instead occurred in this District and that the Complaint failed to state a claim upon which relief could be granted. (Doc. 14). Arrow Tank did not contend in its First Motion to Dismiss that the Eastern District or this District does not have personal jurisdiction over Arrow Tank. The action was transferred to this District upon the unopposed motion of Defendant Engineered Controls International, LLC ("Engineered Controls"). (Doc. 13, Doc. 18, Doc. 21). In March 2018, Plaintiffs and Arrow Tank stipulated to dismissal of the action against Arrow Tank without prejudice. (Doc. 46, Doc. 47). The stipulation was based on Arrow Tank's sworn representation that Arrow Tank did not manufacture or install the safety valve on the propane tank that was allegedly part of the cause of the accident. (Doc. 46 ¶¶ 4-6, Doc. 46-1). As a result of Arrow Tank's dismissal from the action, the Court dismissed as moot Arrow Tank's First Motion to Dismiss. (Doc. 61).

In June 2018, Plaintiffs moved to reinstate their claims against Arrow Tank after learning from Engineered Controls that Arrow Tank's design of the propane tank made it impossible to install the safety valve anywhere other than at the very bottom of the propane tank, which could contribute to a buildup of sludge and the failure of the safety valve. (Doc. 62 ¶¶ 11-13). The Court granted Plaintiffs' motion to reinstate claims against Arrow Tank and directed Arrow Tank to respond to the Complaint. (Doc. 65). On July 27, 2018, Arrow Tank filed a second motion to dismiss Plaintiff's Complaint ("Second Motion to Dismiss") (Doc. 69). In the Second Motion to Dismiss, Arrow Tank argues for the first time that the action should be dismissed because this Court does not have personal jurisdiction over

Arrow Tank and reiterates from the First Motion to Dismiss that the Complaint fails to state a claim upon which relief can be granted. (Doc. 70). For the reasons that follow, the Court will deny the Second Motion to Dismiss.

## II. Factual Background

On July 21, 2017, Mr. Burnside was allegedly injured in Avoca, Pennsylvania, when the bobtail truck he was working on began leaking propane and caught fire. (Doc. 1 ¶¶ 10, 15). According to Plaintiffs, "Defendant Arrow Tank designed, marketed, sold, supplied and/or distributed the subject product, the propane tank located atop the aforementioned bobtail truck and its component parts which caught fire." (*Id.* ¶ 12). Plaintiffs allege that Arrow Tank is a Minnesota corporation, with corporate headquarters and principal place of business in that state, but further allege that Arrow Tank placed the propane tank "into the stream of commerce." (*Id.* ¶¶ 3, 41). According to documents submitted by Arrow Tank in connection with its Second Motion to Dismiss, the propane tank was sold by Arrow Tank to Motor Transportation Service in Cortland, New York. (Doc. 70 at 3, Doc. 70-1).[2]

## III. Standard of Review

Under Federal Rule of Civil Procedure 12, a defendant may move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "Once challenged, the

---

[2] In considering the lack of personal jurisdiction argument in the Second Motion to Dismiss, the Court is permitted to consider evidence outside of the pleadings. *Babyage.com, Inc. v. Ctr. for Envtl. Health*, 90 F. Supp. 3d 348, 350-51, 351 n.1 (M.D. Pa. 2015) (citing *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1994)) ("[W]hen the Court reviews a Complaint under Federal Rule 12(b)(2) for the existence of personal jurisdiction, it must look to 'sworn affidavits or other competent evidence' outside the pleadings, and not merely rely on the allegations in Plaintiff's Complaint alone.")

plaintiff bears the burden of establishing personal jurisdiction." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007). "However, when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004); *see also Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003) ("It is well established that in deciding a motion to dismiss for lack of jurisdiction, a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff."); *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010) (same). "Of course, by accepting a plaintiff's facts as true when a motion to dismiss is originally made, a court is not precluded from revisiting the issue if it appears that the facts alleged to support jurisdiction are in dispute." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations, alterations, and quotations marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Labs.*, 707 F.3d 223, 231 n.14 (3d Cir. 2013) (internal citation, alteration, and quotation marks omitted). Thus, "the presumption of truth attaches only to those allegations for which there is sufficient 'factual matter' to render them 'plausible on [their] face.'" *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id.*

"Although the plausibility standard 'does not impose a probability requirement,' it does require a pleading to show 'more than a sheer possibility that a defendant has acted unlawfully.'" *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal citation omitted) (first quoting *Twombly*, 550 U.S. at 556; then quoting *Iqbal*, 556 U.S. at 678). "The plausibility determination is 'a context-specific task that requires the reviewing

court to draw on its judicial experience and common sense.'" *Id.* at 786-87 (quoting *Iqbal*, 556 U.S. 679).

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## IV. ANALYSIS

The Court will first address Arrow Tank's personal jurisdiction argument before turning to its failure to state a claim argument. Both arguments fail to convince the Court that dismissal is warranted.

### A. ARROW TANK HAS WAIVED A LACK OF PERSONAL JURISDICTION DEFENSE.

Citing the Complaint, Arrow Tank first contends that this Court does not have personal jurisdiction over it because it is a Minnesota company, with headquarters and operations in Minnesota. (Doc. 70 at 2-3). In support of this argument, Arrow Tank "incorporates the legal argument and supporting citations set forth within" Defendant Peterbilt Motors Company's ("Peterbilt's") motion to dismiss and supporting brief (Doc. 26, Doc. 26-1), which likewise argued that the Court did not have personal jurisdiction over

6

Peterbilt.³ (Doc. 70 at 2). Citing Federal Rules of Civil Procedure 12(g) and (h)(1) and case law from this Circuit, Plaintiffs respond that Arrow Tank has waived its lack of personal jurisdiction defense by not raising it in the First Motion to Dismiss. (Doc. 71 at 3-5). Arrow Tank offers no argument in response, as it did not submit a reply brief.

The Court agrees with Plaintiffs. Federal Rule of Civil Procedure 12(b)(2) allows a party to assert a defense of lack of personal jurisdiction by motion, but Rule 12(g)(2) specifies the party cannot raise such a defense if it "was available to the party but omitted from [an] earlier motion" under Rule 12.⁴ Fed. R. Civ. P. 12(b)(2), (g)(2). Rule 12(h)(1)(A) further explains the consequences for failing to raise a personal jurisdiction defense in the first Rule 12 motion: the party waives the defense. Fed. R. Civ. P. 12(h)(1)(A) (specifying the party waives any Rule 12(b)(2)-(5) defense by "omitting it from a motion in the circumstances described in Rule 12(g)(2)"). The Advisory Committee commentary on Rules 12(g) and 12(h) states that the purpose of those rules is to prevent "piecemeal consideration of a case" and to "allow the court to do a reasonably complete job" assessing the threshold defenses of a party. Fed. R. Civ. P. 12(g), (h) advisory committee's notes to 1966

---

³ In ruling upon Peterbilt's motion to dismiss, the Court accepted Peterbilt's personal jurisdiction argument, finding that Plaintiffs had failed to establish general or specific personal jurisdiction over Peterbilt and rejecting Plaintiffs' "stream of commerce" argument as to Peterbilt's contacts with Pennsylvania. (Doc. 63 at 4-10). However, the Court allowed Plaintiffs to conduct limited jurisdictional discovery and offered Plaintiffs the opportunity to amend the Complaint to establish that this Court did indeed have personal jurisdiction over Peterbilt. (*Id.* at 11-12). Plaintiffs failed to amend their Complaint, and the Court granted Peterbilt's subsequent motion to dismiss the action against it with prejudice. (Doc. 87, Doc. 88).

⁴ Rule 12(g)(2) provides for exceptions as noted in Rule 12(h)(2) or (3), including raising the defense of failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(g)(2), (h)(2), (h)(3). Rule 12(h)(2) and (h)(3) are not at issue in this case.

amendment; *see also, e.g., Myers v. Am. Dental Ass'n*, 695 F.2d 716, 720-21 (3d Cir. 1982) (finding waiver of personal jurisdiction defense when not raised in first motion to dismiss and discussing the policy goals of Rules 12(g) and (h)); *Emekekwue v. Offor*, No. 11-cv-1747, 2012 WL 5249414, at *3-4 (M.D. Pa. Oct. 24, 2012) (quoting 5C Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1391 (3d ed.1998 & Supp. 2012) (Rule 12(h)(1) "advises a litigant to exercise great diligence in challenging personal jurisdiction, venue, or service of process")). In *Myers*, the Third Circuit emphasized that Rule 12(h) waiver:

> reflects a strong policy against tardily raising defenses that go not to the merits of the case but to the legal adequacy of the initial steps taken by the plaintiff in his litigation . . . [and this] rule benefits the court as well as the opposing party by requiring a litigant to raise certain technical objections, the basis of which should be apparent from the outset of the action, before the litigation has moved forward.

*Myers*, 695 F.2d at 721.

Here, in its Second Motion to Dismiss Arrow Tank wishes to rely on the favorable opinion of the Court with respect to a similar "technical objection" of lack of personal jurisdiction previously raised by former defendant Peterbilt, but Arrow Tank is precluded from doing so. Arrow Tank has waived the ability to raise the lack of personal jurisdiction defense because it was available to Arrow Tank before filing the First Motion to Dismiss, Fed. R. Civ. P. 12(g)(2), and was not raised in that motion, Fed. R. Civ. P. 12(h)(1)(A). Accordingly, the Court will deny Arrow Tank's motion to dismiss on these grounds.

## B. Plaintiffs' Complaint Sufficiently States Claims for Relief.

Arrow Tank next argues that the Complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (Doc. 70 at 3-7). Arrow Tank posits that the Complaint contains "technical pleading errors" under Federal Rule of Civil Procedure 10(b) because multiple claims against Arrow Tank, such as strict products liability and negligence, are contained in a single count, and the Complaint is "not pled in a plain, or concise, manner" in accordance with Federal Rule of Civil Procedure 8(a)(2). (Doc. 70 at 3-4). Arrow Tank also argues that the Complaint fails to meet the *Iqbal/Twombly* pleading standard because the factual allegations are generic and formulaic "recitations of legal conclusions" and that the Plaintiffs' apparent theory of liability has shifted over time and no such theory is pled in the Complaint. (*Id.* at 4-7). In the alternative, assuming that the Court rejects Arrow Tank's request to dismiss the Complaint, Arrow Tank urges the Court to require Plaintiffs to "make a more appropriate recital of their claims, pursuant to Federal Rule of Civil Procedure 12(e)." (Doc. 70 at 7). Plaintiffs respond that their claims against Arrow Tank are readily identifiable and adequately pled, and that the Court has already "implicitly recognized" that the Complaint sufficiently pleads a claim for relief by granting Plaintiffs' motion to reinstate claims against Arrow Tank. (Doc. 71 at 5-9).

The Court finds that Plaintiffs' Complaint, while perhaps not the most artful or efficient presentation of the claims at issue, sufficiently pleads claims for relief against Arrow Tank and puts Arrow Tank on notice of what claims are being alleged against it. To start,

9

contrary to Arrow Tank's argument, the Complaint does not violate Rule 10(b) and thus necessitate dismissal with direction to amend. Rule 10(b) states that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b). "The purpose of the requirement of separate counts is to clarify the issues and simplify the trial." *Williamson v. Columbia Gas & Elec. Corp.*, 186 F.2d 464, 469 (3d Cir. 1950).

> Courts may require repleading pursuant to Rule 10(b) when three circumstances are present: "where multiple claims are asserted, where they arise out of separate transactions or occurrences, and where separate statements will facilitate a clear presentation." *Bautista v. Los Angeles Cty.*, 216 F.3d 837, 840–41 (9th Cir. 2000) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1324 (2d ed. 1990)). And when a complaint is brought against several distinct defendants, "separate statements with regard to each defendant are particularly helpful in apprising the individual defendants of claims pertaining only to them." Wright & Miller, *supra*, § 1324.

*A.B. ex rel. C.D. v. Vineland Bd. of Educ.*, No. 17-cv-11509, 2018 WL 3141831, at *6 (D.N.J. June 27, 2018) (full citations added). Thus, courts have required repleading in cases where a count assert multiple, hard to distinguish claims in lengthy recitations of numerous events occurring over a period of time. *Id.*, at *6 (requiring repleading in a case where a count contained multiple claims under divergent federal and state law that were spread across "113 paragraphs and numerous sub-paragraphs," combined numerous defendants, and essentially "unspool[ed] the entire history of the case").

10

Those are not the circumstances presented here, and repleading is not required under Rule 10(b). Plaintiffs have alleged that one "transaction or occurrence," the accident involving the bobtail truck and propane tank on July 21, 2017, caused Mr. Burnside's injuries. (Doc. 1 ¶ 15). With respect to Arrow Tank, Plaintiffs further allege that a defect in the propane tank was the cause of the accident and Mr. Burnside's injuries. (*Id.* ¶¶ 40-63). While Plaintiffs assert multiple theories of liability in the Complaint's count against Arrow Tank (strict products liability based on manufacturing, design, and/or failure to warn defects; negligence; and breach of warranty), they are pled in separate paragraphs and are identifiable. (*Id.* ¶¶ 41-44, 49-54 (strict products liability); 45-48 (negligence); 62-63 (breach of warranty)).

Apart from Rule 10(b), the Court finds that the Complaint satisfies Rule 8(a)(2) as a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Giehl v. Terex Utils.*, No. 12-cv-83, 2012 WL 1183719, at *2 (M.D. Pa. April 9, 2012) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam)). Somewhat ironically, Arrow Tank argues the factual allegations set forth in the Complaint are "generic and formulaic," but then fails to provide the Court with any specific argument or guidance as to how the factual allegations are deficient in establishing any element of the legal claims

pled by Plaintiffs.[5] Accordingly, the Court's review of the Complaint is focused on Arrow Tank's contention that the "theory of liability against [Arrow Tank]" has shifted over time from the belief that Arrow Tank manufactured or installed the safety valve to the belief that the propane tank was designed in such a way as to make the installation of the safety valve only possible at the bottom of the tank, which could affect the safety valve's operation. (Doc. 70 at 6). However, it is not necessary for Plaintiffs to commit to a particular, detailed theory of the nature of the defect at the pleading stage, as any such theory can and will be refined upon factual and expert discovery. *See, e.g., Tincher v. Omega Flex, Inc.*, 104 A.2d 328, 426-27 (Pa. 2014) (noting that plaintiff must allege a "*prima facie* case premised upon either a 'consumer expectations' or 'risk-utility' theory, or both . . . [and that] [a]s discovery and case preparation proceed, and the evidentiary record evolves, the plaintiff may choose to pursue or abandon either theory, or pursue both, if the evidence so warrants"); *Volin v. Gen. Elec. Co.*, 189 F. Supp. 3d 411, 421 (D.N.J. 2016) (citing *Alin v. Am. Honda Motor Co.*, No. 08-cv-4825, 2010 WL 1372308, at *6 (D.N.J. Mar. 31, 2010)) (denying motion to dismiss breach of warranty case involving gas range ovens and finding the classification of "design defects or defects in materials or

---

[5] The Court notes that Plaintiffs' briefing on the Second Motion to Dismiss fares little better on these grounds, as Plaintiffs mostly recite the factual allegations in their Complaint rather than explain the elements of the legal claims alleged and demonstrate how the factual allegations plausibly establish those elements. However, as discussed *infra*, Arrow Tank's only specific objection to Plaintiffs' pleading strategy appears to be that they have not pled facts to demonstrate the specific nature of the defects in the propane tank.

workmanship [are] issues [that] must await factual development"); *Barton v. Lowe's Home Ctrs., Inc.*, 124 A.3d 349, 356 (Pa. Super. Ct. 2015) ("A more precise identification of the design defect, manufacturing defect or failure-to-warn defect is a matter for discovery and reports from experts. . . ."). "[I]t is accepted practice for a plaintiff to proceed under more than one defect theory." *Barton*, 124 A.3d at 355 (citing, *inter alia*, *Giehl*, 2012 WL 1183719, at *9-10).

Here, Plaintiffs have taken a broad approach, alleging that the propane tank was defective under both the "consumer expectations" and "risk-utility" theories elaborated in *Tincher* (Doc. 1 ¶ 41), and alleging that there were defects in both the propane tank's design and manufacture (*Id.* ¶ 42). Plaintiffs further allege that Arrow Tank provided "defective warnings and instructions" regarding the use of the propane tank, making it "unsafe and unfit for consumer use." (*Id.* ¶¶ 52-53). Plaintiffs allege that Arrow Tank is strictly liable for this conduct. (*Id.* ¶ 51). Plaintiffs additionally allege that Arrow Tank was negligent in failing to remedy the defect (*id.* ¶ 45-48) and that Arrow Tank violated express and implied warranties by selling the defective propane tank (*id.* ¶¶ 62-63). At this early stage of the litigation and in the absence of specific argument by Arrow Tank to the contrary, these allegations are sufficient to state claims for relief.

## V. CONCLUSION

For the reasons outlined above, the Court will deny Arrow Tanks' Motion to Dismiss.

A separate Order follows.

Robert D. Mariani
United States District Judge